IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIN L. ZOLLICOFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 14 C 5073 |
| FIREMAN'S FUND INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 3, 2014, *pro se* plaintiff Christin Zollicoffer ("Zollicoffer") filed a single-count "complaint for employment discrimination" ("Complaint") (Dkt. No. 5 ("Compl.")) against defendant Fireman's Fund Insurance Company ("FFIC"), alleging FFIC violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 *et seq.*, when it terminated Zollicoffer's employment because of her alleged disability. (Compl. ¶ 13.)

On September 9, 2014, FFIC filed a motion to dismiss Zollicoffer's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 7), and noticed the motion to be presented on Tuesday, September 16, 2014 at 9:00 a.m. in Courtroom 1801 of the United States District Court for the Northern District of Illinois (Dkt. No. 8). Zollicoffer received email notice of the motion and hearing through the court's Electronic Case Filing ("ECF") system, but failed to appear on September 16, 2014. The court set a deadline of October 7, 2014 for Zollicoffer to respond to FFIC's motion and requested that FFIC's counsel contact Zollicoffer to (1) inform her of the court's deadline and (2) provide her with case law relevant to her claim. (Dkt. No. 9.) FFIC's counsel complied. (Dkt. No. 10.) Zollicoffer has failed to respond. For the reasons set

forth below, FFIC's motion to dismiss Zollicoffer's Complaint (Dkt. No. 7) is granted.

BACKGROUND

Until April 6, 2012, Zollicoffer was employed as a Territory Sales Manager for FFIC. (Compl. ¶ 13.) On October 18, 2010, Zollicoffer suffered an unspecified injury during the course of her employment, which she alleges caused frequent neck pain and limited "any movements or lifting relating to her shoulders." (*Id.*) FFIC granted Zollicoffer disability leave but eventually terminated her employment on April 6, 2012—roughly one and a half years later—"because her physician did not provide an exact date as to when she could return to work." (*Id.*) On May 2, 2012, nearly one month after her termination, Zollicoffer told FFIC that she could return to work with "reasonable restrictions" by May 22, 2012. (*Id.*) FFIC refused to allow Zollicoffer to return to work and told her that she would have to apply for any open positions, "with no consideration for the fact that she had been working for [FFIC] for several years." (*Id.*)

On July 16, 2012, Zollicoffer filed a charge with the EEOC against FFIC, alleging FFIC terminated her because of her unspecified disability. (Compl. ¶ 7.1.) On April 21, 2014, the EEOC issued a "right-to-sue" letter stating that it was terminating its processing of Zollicoffer's charge. (Compl. ¶ 8.) On July 3, 2014, 73 days after receiving notice of the EEOC's decision, Zollicoffer filed this lawsuit.

FFIC has moved to dismiss Zollicoffer's Complaint under Rule 12(b)(6). (Dkt. No. 7.) As discussed above, Zollicoffer failed to appear at the hearing on FFIC's motion on September 16, 2014. On September 16, 2014, the court set a deadline of October 7, 2014 for Zollicoffer to respond to FFIC's motion and, to assist Zollicoffer in preparing her response, the court requested that FFIC's counsel provide her a copy of a case, *Nowak* v. *St. Rita High School*, 142 F.3d 999 (7th Cir. 1998), that bears on her claim. (Dkt. No. 9.) FFIC's counsel complied the same day and

filed a copy of his correspondence on the docket. (Dkt. No. 10 Ex. 1.)

On July 3, 2014, Zollicoffer filed a *pro se* appearance form. (Dkt. No. 3.) On the form she checked a box stating her desire to receive notices from the court via email and waiving her right to receive a paper copy of any electronically filed document. (*Id.*) The email address Zollicoffer provided is "cz2280@gmail.com." Consequently, to the court's knowledge, Zollicoffer received email notice of FFIC's motion to dismiss (Dkt. No. 7), the September 16, 2014 motion hearing (Dkt. No. 8), the court's briefing schedule (Dkt. No. 9), and FFIC's correspondence (Dkt. No. 10) through the court's ECF system. Zollicoffer also received at least one direct email communication from FFIC's counsel apprising her of the need to file a response and the Seventh Circuit's decision in *Nowak*. (Dkt. No. 10 Ex. 1.) The myriad notices have not had their intended effect, however, because Zollicoffer has not responded to FFIC's motion or taken any other action to pursue her claim.

<u>LEGAL STANDARDS</u>

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903. Finally, because Zollicoffer is a *pro se* plaintiff, the court is obligated to afford her filings a liberal construction. *Nichols* v. *Michigan City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014).

ANALYSIS

Zollicoffer's failure to respond to FFIC's motion warrants dismissal. "If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning." *Kirksey* v. *R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *see also Otrompke* v. *Hill*, No. 13 C 7847, 2014 WL 1101474, at *6 (N.D. Ill. Mar. 20, 2014) ("[A] plaintiff facing a motion to dismiss who makes no effort to explain how he has stated a claim acts at his peril."). Accordingly, a plaintiff's failure to respond to a Rule 12(b)(6) motion that articulates "plausible" reasons for dismissal is, on its own, an adequate basis to grant the motion. *See Alioto* v. *Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions.")

Here, FFIC's Rule 12(b)(6) motion presents plausible grounds for dismissal. FFIC contends (1) that Zollicoffer has failed to allege a "disability" within the meaning of the ADA, and (2) that Zollicoffer has failed to allege that any reasonable accommodation would enable her to perform the essential functions of her job as a Territory Sales Manager. FFIC's latter argument is precisely why the court advised Zollicoffer to consider the Seventh Circuit's decision in *Nowak* when preparing her response. In *Nowak*, the Seventh Circuit held that the accommodation

Zollicoffer availed herself of prior to her termination—lengthy and indefinite leave—is not a reasonable accommodation required by the ADA. *Nowak*, 142 F.3d at 1004. Zollicoffer had ample opportunity to respond to FFIC's arguments and failed to do so. Her status as a *pro se* litigant requires the court to liberally construe her briefs, but only when they exist in the first place. *See, e.g.*, *Jones* v. *Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"). Because Zollicoffer failed to respond to FFIC's plausible arguments in support of dismissal, her claim must be dismissed.

<u>CONCLUSION</u>

For the reasons explained above, defendant FFIC's "motion to dismiss" [7] plaintiff Zollicoffer's "complaint for employment discrimination" [5] is granted. Zollicoffer failed to respond to FFIC's plausible reasons for dismissal. Her complaint [5] is consequently dismissed with prejudice. Civil case terminated.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
District Judge, United States District Court

Date: October 8, 2014

- 5 -